**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CLARENCE D. SCHREANE,<br><br>  Petitioner,<br><br>  v.<br><br>JEFF THOMAS,<br><br>  Respondent. | CIVIL ACTION NO. 3:CV-14-1243<br><br>(JUDGE CAPUTO)<br><br>(MAGISTRATE JUDGE BLEWITT) |

## MEMORANDUM

Presently before the Court is Magistrate Judge Blewitt's Report and Recommendation (Doc. 4) to Petitioner Clarence Schreane's Petition for Writ of Habeas Corpus (Doc. 1.)  Here, Petitioner appears to be challenging a decision from a February 16, 2011 DHO hearing in which the imposed action was "Dis. GCT/27 days/cs ds/30 days/cs lp visit/180 days/cs 27 days GCT." (*Id*. at ¶ 6.)

Magistrate Judge Blewitt recommends that the Petition be dismissed without prejudice because Petitioner failed to exhaust his administrative remedies.  As set forth in the Report and Recommendation, while Petitioner identifies the incident report number, the incident report is not attached to the instant Petition.  Moreover, although Petitioner states that his first appeal filed on April 12, 2011 with "J. Carey, Federal Bureau of Prison" was denied on May 2, 2011 and his second appeal filed on June 1, 2011 with the "Federal Bureau of Prison" was denied on June 22, 2011, Magistrate Judge Blewitt notes that Petitioner failed to provide any documentation of his administrative remedies or appeals. And, because his review of the Petition indicates that Petitioner failed to complete the exhaustion process as established by the Bureau's Administrative Remedy Program, 28 C.F.R. §§ 542.10-542.19, Magistrate Judge Blewitt recommends that the Petition be dismissed without prejudice.

Petitioner filed timely objections to the Report and Recommendation. (Doc. 5.)  In his objections, Petitioner states that the Petition "set forth the concerns of his challenges . . . the date of the decision of the DHO was Feb. 16, 2011, Petitioner Schreane did in fact

initiate his appeal, (First Appeal) the date of filing was April 12, 2011, page 4 of Petitioner Schreane's Petition, he provided the Appeal Number, 65128 R-2 and 65128-A1 in reference to the same docket/incident report number." (Doc. 5, 2.)   Petitioner also argues that "the requirement . . . to exhaust a DHO decision is to appeal (DHO) to the Regional Director or Regional Office in the region where the prisoner is incarcerated, which Petitioner did file while incarcerated in (SHU) Special Housing Unit at Coleman, Florida." (*Id*. at 3.) Petitioner further asserts that he need "not plead or prove exhaustion of remedies; rather failure to exhaust is an affirmative defense" under *Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007). (*Id*. at 4.)

Where objections to the Magistrate Judge's report are filed, the court must conduct a *de novo* review of the contested portions of the report. *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)).  However, this only applies to the extent that a party's objections are both timely and specific. *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984) (emphasis added).  In conducting a *de novo review*, the court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993).  Although the review is *de novo*, the law permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675–76, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Goney*, 749 F.2d at 7.  At the very least, the court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

Federal prisoners are generally required to exhaust administrative remedies prior to seeking a writ of habeas corpus pursuant to § 2241. *See Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996).  However, the Third Circuit has also "held that the

administrative exhaustion requirement in this context may be excused if an attempt to obtain relief would be futile or where the purposes of exhaustion would not be served." *Cerverizzo v. Yost*, 380 F. App'x 115, 116 (3d Cir. 2010) (citing *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 239 n.2 (3d Cir. 2005); *Schandelmeier v. Cunningham*, 819 F.2d 52, 53 (3d Cir. 1986); *Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998) (Roth, J., concurring)).

The Bureau of Prisons' multi-tier administrative remedy program is set forth in 28 C.F.R. §§ 542.10-542.19. Under this program, appeals of DHO decisions must be submitted initially to the Regional Director for the region where the inmate is housed (on a BP-10 form) within twenty days of the DHO decision. 28 C.F.R. §§ 542.14(d)(2), 542.15(a). Once filed, a response is due by the Regional Director within thirty (30) calendar days, and if no response is received within that time, the inmate "may consider the absence of a response to be a denial . . . ." *Id*. at § 542.18. Next, if an inmate is not satisfied with the Regional Director's response, he or she "may submit an Appeal on the appropriate form (BP-11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response." *Id*. at § 542.15(a). "Appeal to the General Counsel is the final administrative appeal," *id*., and "its completion constitutes exhaustion of administrative remedies." *Lindsey v. Thomas*, No. 13-3102, 2014 WL 3890005, at *5 (M.D. Pa. Aug. 8, 2014). Once an appeal is filed with the General Counsel, a response shall be made in forty (40) calendar days. 28 C.F.R. § 542.18. Again, if a response is not received within this time, the inmate may be consider the absence of a response to be a denial. *Id*.

Magistrate Judge Blewitt's recommendation to dismiss the Petition without prejudice will be adopted. Here, while Petitioner documents in his Petition that he filed a first appeal to "J. Carey, Federal Bureau of Prison" and a second appeal to "Federal Bureau of Prison" and he provides the document number for those appeals, Petitioner does not indicate whether these appeals were filed with the Regional Director and the General Counsel. Additionally, although in his objections to the Report and Recommendation Petitioner states that he "did in fact *initiate* his appeal, (First Appeal)" on April 12, 2011, with the Regional Director while he was incarcerated at SHU at Coleman, Florida, (Doc. 5, 2-3), Petitioner

does not assert that he filed any appeals with the General Counsel.  Furthermore, as noted by Magistrate Judge Blewitt, Petitioner did not submit any documentation indicating that he exhausted his administrative remedies.  As such, because Plaintiff failed to fully complete his form habeas Petition and provide sufficient information that he complied with the Bureau of Prisons' administrate remedy program, the Petition is subject to dismissal without prejudice for failure to exhaust administrative remedies.[1]

An appropriate order follows.


August 15, 2014                                                                /s/ A. Richard Caputo
Date                                                                                  A. Richard Caputo
                                                                                         United States District Judge

---

[1] As noted, Petitioner also argues that he need not plead exhaustion pursuant to the Supreme Court's decision in *Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007).  However, "*Jones* does not control the current case as the holding in *Jones* applies to actions under the PLRA, not to habeas corpus proceedings." *Dorsey v. Angelini*, No. 07-1092, 2008 WL 4279614, at *3 (M.D. Pa. Sept. 15, 2008); *see also Korobov v. Angeli*, No. 07-1274, 2008 WL 2787874, at *1 (M.D. Pa. July 17, 2008) (same).